ed by 9th Cir. R. 36–3.

**Ambrocio RIVERA–LOPEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74002.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ambrocio Rivera–Lopez, Long Beach, CA, pro se.

Rebecca Ariel Hoffberg, Esquire, Trial, OIL, Carol Federighi, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reconsider the BIA's prior order dismissing petitioner's appeal and to reopen proceedings.

** This disposition is not appropriate for publication and is not precedent except as provid-

We review the BIA's order for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

In particular, the BIA did not abuse its discretion by denying petitioner's motion to reconsider the BIA's prior decision where petitioner argued that the BIA, in deciding whether petitioner was eligible for cancellation of removal, should have applied the lower standard of proof employed in determining eligibility for suspension of deportation. The BIA correctly determined that it had previously applied the correct standard because the petitioner was in removal proceedings and suspension of deportation was not a form of relief available to the petitioner.

■ The BIA further did not abuse its discretion in denying petitioner's motion to reopen where the evidence presented by the petitioner in support of his application was cumulative to that already considered by the Immigration Judge and the BIA. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). Accordingly, this petition for review is denied in part.

■ To the extent petitioner seeks review of the BIA's denial of his motion to reconsider on the grounds that petitioner failed to establish that his United States citizen children would face exceptional and extremely unusual hardship if petitioner is removed, we lack jurisdiction to review the BIA's decision. *See* 8 U.S.C.

ed by 9th Cir. R. 36–3.

§ 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.